IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division


FILED
APR 16 2015
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

COBALT BOATS, LLC,

    Plaintiff,

v.                                                                        Civil Action No. 2:15cv21

SEA RAY BOATS, INC. &
BRUNSWICK CORP.,

    Defendants.

## OPINION & ORDER

This matter is before the Court pursuant to Defendants Sea Ray Boats, Inc. ("Sea Ray") and Brunswick Corporation's ("Brunswick"), (collectively, "Defendants"), Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(A) ("Motion"). Doc. 17. For the reasons stated herein, the Court **DENIES** Defendants' Motion.

## I. BACKGROUND

### A. Factual Background

This patent infringement action arises out of the alleged infringement of U.S. Patent No. 8,375,880 ("'880 Patent"), owned by Plaintiff Cobalt Boats, LLC ("Plaintiff" of "Cobalt"), by Defendants. Am. Compl. at 1, 4. Sea Ray is a wholly owned subsidiary of Brunswick. Answer at 4–5. The '880 Patent was issued to Cobalt on February 19, 2013 for a "Retractable Step for Boat Swim Platform" ("Swim Step"), which is described as follows:

> A retractable step for use with a boat in water comprising at least one moveable arm pivotally coupled with the boat, a step coupled with the arm such that the step is moveable between a stored position above the water surface and a deployed position below the water surface, and a lock configured to hold the moveable arm in a stationary position when the step is in its deployed position, but is releasable to accommodate movement of the step to its stored position.

Am. Compl., Ex. A at 1. Beginning in 2014, Plaintiff alleges that Defendants, two of its industry competitors, "began promoting and selling boats that include a Swim Step feature described as a 'submersible swim step'," which infringes upon the '880 Patent. Id. at 5.

Plaintiff contends that the Sea Ray boats with the infringing Swim Step include, but are not limited to, the Sea Ray 220 Sundeck, Sea Ray 240 Sundeck, Sea Ray 270 Sundeck, and Sea Ray 290 Sundeck. Id. at 6. Specifically, Plaintiff argues that Defendants' version of the Swim Step infringes on at least claims 1, 3, 5, and 6 of the '880 Patent. Id. at 7. On October 1, 2014, Cobalt notified Sea Ray of the alleged infringement, and to date, Sea Ray continues to manufacture, use, and sell its version of the Swim Step. Id. at 6. Defendants deny having had knowledge of the '880 Patent prior to October 1, 2014, and further deny that their products infringe upon the '880 Patient. Answer at 9-10.

### A. Procedural History

Plaintiff is a Delaware limited liability company headquartered in Neodesha, Kansas. Doc. 28 at 3. Defendant Brunswick is a Delaware corporation headquartered in Lake Forest, Illinois, and Defendant Sea Ray is a Florida corporation headquartered in Knoxville, Tennessee. Answer at 2. Further, Defendant Brunswick's Recreational Boat Group ("Boat Group"), which "is responsible for the design, manufacturing, management, and marketing" of the alleged infringing products, is also headquartered in Knoxville, Tennessee. Doc. 18 at 1. The Parties concede that venue is proper within the Eastern District of Virginia, Answer at 4, but in the present Motion Defendants contend that the facts support a transfer to the Eastern District of Tennessee under Title 28, United States Code Section 1404(a) ("Section 1404(a)"). Id.

### II. LEGAL STANDARDS

Under Section 1404(a), courts may, "[f]or the convenience of parties and witnesses, . . . transfer any civil action to any other district or division where it might have been brought." 28

U.S.C. § 1404(a). In determining whether transfer is proper, "a district court must make two inquiries: (1) whether the claims might have been brought in the transferee forum, and (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum." Pragmatus AV, LLC v. Facebook, Inc., 769 F. Supp. 2d 991, 994 (E.D. Va. 2011) (quoting Agilent Tech., Inc. v. Micromuse, Inc., 316 F. Supp. 2d 322, 324–25 (E.D. Va. 2004)). "The second prong of the 1404(a) analysis is a balancing test that weighs (1) the plaintiff's choice of forum, (2) convenience of the parties, (3) witnesses conveniences and access, and (4) the interest of justice." Patent Licensing & Inv. Co., LLC v. Green Jets, Inc., No. 2:10cv421, 2011 WL 11797320, at *3 (E.D. Va. June 13, 2011) (quoting Pargmatus, 2011 WL 320952, at *2) (internal quotation marks omitted).

Whether a case merits transfer is a decision that rests with the discretion of the Court, which must balance any relevant factors, including:

> (1) ease of access to sources of proof; (2) the convenience of the parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the interest in having local controversies decided at home; (6) in diversity cases, the court's familiarity with the applicable law; and (7) the interest of justice.

BHP Intern. Inv., Inc. v. OnLine Exchange, Inc., 105 F. Supp. 2d 493, 498 (E.D. Va. 2000). "The party seeking transfer bears the burden of proving 'that the circumstances of the case are strongly in favor of transfer,'" and "transfer is not appropriate where it will only serve to shift the balance of inconvenience from one party to the other." Heinz Kettler GMBH & Co. v. Razor USA, LLC, 750 F. Supp. 2d 660, 667, 668 (E.D. Va. 2010) (quoting Jones v. Frazier, No. 1:09cv513, 2009 WL 2601355, at *8 (E.D. Va. Aug. 18, 2009) (emphasis in original).

## III. ANALYSIS

### A. Venue is Proper in the Transferee Court

In a civil action, venue is proper in any judicial district "in which any defendant is subject to the court's personal jurisdiction." 28 U.S.C. § 1391(b). In patent infringement actions, venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400 (b). The parties do not contest that Defendant Sea Ray is headquartered in Knoxville, Tennessee, see Answer at 2, and Defendant Brunswick's Boat Group has an established place of business in that local. Doc. 18 at 5. Corporate Defendants are deemed to reside in any district in which they would be subject to personal jurisdiction. See 28 U.S.C. § 1391(d); BHP Intern., 105 F. Supp. 2d at 498. Accordingly, Plaintiff's claims could have properly been brought in the Eastern District of Tennessee.

### B. Interests of Justice & Convenience of Witnesses

#### i. Plaintiff's Choice of Forum

Traditionally, "a plaintiff's choice of forum is entitled to substantial weight," Patent Licensing, 2011 WL 11797320, at *3 (quoting Board of Trustees v. Baylor Heating & Air Conditioning, Inc., 702 F. Supp. 1253, 1256 (E.D. Va. 1998)), and the parties do not dispute that Cobalt dealers in Virginia are affected by the alleged infringement. Doc. 29 at 4. If Virginia is not a plaintiff's home forum, however, courts in the Eastern District have held that "[w]hen a plaintiff chooses a foreign forum and the cause of action bears little or no relation to that forum, the plaintiff's chosen venue is not entitled to such substantial weight." GTE Wireless, Inc. v. Qualcomm, Inc., 71 F. Supp. 2d 517, 519 (E.D. Va. 1999); see also Lycons, Inc. v. TiVo Inc., 499 F. Supp. 2d 685, 692 (E.D. Va. 2007).

In actions for patent infringement when a district is not a plaintiff's home forum, the general rule is that "the preferred forum is that which is the center of the accused activity." Id. (quoting Santrade Ltd. v. Berndorf ICB International Conveyor Belts, Inc., No.6:92–2032–3, 1992 WL 470482, at *2 (D.S.C. 1992)) (internal quotation marks omitted). The availability of modern technology, however, has alleviated the substantiality of this doctrine to the extent that transportation of evidence in patent suits is no longer as expensive and time consuming as it once was. See Fujitsu Ltd. v. Netgear, Inc., No. 07-cv-710-BBC, 2008 WL 2540602, at *1–3 (W.D. Wisc. Apr. 4, 2008). Although still entitled to some weight, when a plaintiff does not file suit in its home forum and the connection to the chosen forum is not unique, this factor is not dispositive.

*ii. Convenience to the Parties and Witnesses*

In determining the convenience of transfer as to the parties, the Court must consider "the 'ease of access to sources of proof, the costs of obtaining witnesses, and the availability of compulsory process'." comScore, 924 F. Supp. 2d at 686 (quoting Lycos, 499 F. Supp. 2d at 693). There is little dispute that transfer to the Eastern District of Tennessee would favor Defendants, as Sea Ray is headquartered in the district and Brunswick's team "responsible for the management, marketing, sales, accounting, and manufacturing" of the accused infringing Swim Steps are located in the district as well. Doc. 18 at 7.

**a. Access to Sources of Proof**

According to Defendants, the likely sources of proof including "documentation about the functionality" of the products, along with "development documents, operation documents, and other documents and materials associated with" those products, are located in Knoxville, Tennessee. Id. Plaintiff argues that this factor should not be considered favorable to Defendants as modern technology and the availability of electronically stored information ("ESI") abrogates

5

its importance. Doc. 28 at 14 (citing Fujitsu Ltd. v. Netgear, Inc., No. 07-cv-710-BBC, 2008 WL 2540602, at *1–3 (W.D. Wisc. Apr. 4, 2008)). According to one district court,

> [t]echnological advancements, such as email, photocopying, scanning and the trend toward creating documents electronically, have made the transportation of evidence in patent infringement suits much easier. As a result, the location of evidence has, in general, become a neutral factor in determining the convenience of a forum.

Id. Although disputes may still arise when certain sources of proof cannot be made available electronically, when the substantial majority of evidence is documentary and/or electronically stored, this factor is de minimis and not entitled to substantial weight in the overall balance.

**b. Convenience of Witnesses & Availability of Compulsory Process**

"The convenience of the witnesses is of considerable importance in determining whether a transfer of venue is appropriate under Section 1404(a)." Samsung Electronics Co., Ltd. v. Rambus, Inc., 386 F. Supp. 2d 708, 718 (E.D. Va. 2005). This factor, however, tends to fall on the convenience to the non-party witnesses as opposed to the party witnesses, who can be compelled to testify and would likely be more willing to do so. Id. In order for the Court to make an informed decision as to witness convenience, the moving party must assert specific details related to the nature of any witness' potential testimony and the alleged inconvenience. See Samsung, 386 F. Supp. 2d at 718. Defendants state that neither the Boat Group nor Sea Ray have any offices or employees in Virginia and none of their potential witnesses are located in this District. Doc. 18 at 3.

In support of their position, Defendants have submitted one declaration, that of Bradley Anderson, Senior Vice President of Portfolio Marketing for Brunswick's Boat Group. Doc. 19. In his declaration, Mr. Anderson states that he is an employee of the Boat Group who works out of the main office in Tennessee and has knowledge of the "design and manufacturing activities" related to the alleged infringing Swim Steps. Id. at 1. Mr. Anderson identifies himself and Mr.

Walter "Scott" Kent, Chief Financial Officer of the Boat Group, as potential party witnesses. Id. at 2. As to potential non-party witnesses, in their brief Defendants identify the named inventors of the '880 patent, who all appear to reside in the Midwest, and the prosecuting attorney, who appears to reside in the Kansas City, Missouri area. Doc. 18 at 9–10. Plaintiff, however, has submitted declarations from each of these parties pledging their willingness to travel to the Eastern District of Virginia for any necessary proceedings. Doc. 28, Ex. A–F.

Plaintiff argues that it intends to have two of its non-party Cobalt dealers from the Eastern District of Virginia testify at trial, Doc. 28 at 12, but Defendants counter that there is no reason Cobalt cannot seek similar testimony from its dealers in the Eastern District of Tennessee. Doc. 29 at 6. Further, Defendants contend that the Eastern District of Tennessee is actually closer to the non-party witness in the Midwest and that "pursuing this litigation in the Eastern District of Virginia would be no more convenient for Cobalt than it would be to proceed in the Eastern District of Tennessee." Doc. 18 at 8. Considering these parties are potentially outside the subpoena power of both the Eastern Districts of Virginia and Tennessee, the availability of the compulsory process is a neutral factor, and Defendants have not produced evidence sufficient to support their contentions that the convenience of the witnesses weights strongly in favor of transfer. Although transfer may be convenient for Defendants' party witnesses, all identified non-party witnesses have declared their willingness to travel to the Eastern District of Virginia to testify. Doc. 28 at 12, Ex. A–F. This cannot be said of the Eastern District of Tennessee.

### iii. Interests of Justice

This factor "encompasses public interest factors aimed at 'systemic integrity and fairness'."[1] Byerson v. Equifax Info. Servs., LLC, 467 F. Supp. 2d 627, 635 (E.D. Va. 2006)

---

[1] Although not brought pursuant to federal diversity jurisdiction, the purpose behind allowing an out-of-state party to avoid prejudice by litigating in a neutral forum is a principle embedded in American jurisprudence. "The power of Congress to confer such jurisdiction was based on the desire of the Framers to assure out-of-state litigants courts

7

(quoting Samsung, 386 F. Supp. 2d at 716). "Fairness is assessed by considering docket congestion, interest in having local controversies decided at home, knowledge of applicable law, unfairness in burdening forum citizens with jury duty, and interest in avoiding unnecessary conflicts of law." Id. As this case arises under federal patent law, all federal Courts are presumed to have equal knowledge of the applicable law, and the Court considers its legal knowledge and potential conflicts of law neutral issues. This Court has also held that "[p]atent disputes are not a local controversy that could be said to unfairly burden jurors in any jurisdiction," comScore, 924 F. Supp. 2d at 691, so these factors are also neutral. The only relevant consideration remaining is that of docket congestion.

In the Eastern District of Virginia, the median time from filing to final disposition for cases that go to trial is 11.9 months, and the average time difference between dispositions in this District and the Eastern District of Tennessee is 13.7 months.[2] Plaintiff has argued that transfer "would increase Cobalt's inconvenience . . . increase the parties' litigation costs . . . [and] deprive Cobalt of a speedy resolution of its claim" because this District resolves patent disputes "more quickly." Doc. 28 at 18. Federal Rule of Civil Procedure 1 states that civil actions should be administered to foster the "just, speedy, and inexpensive determination of every action and proceeding." Accordingly, whether transfer under Section 1404(a) will foster the interest of justice should be interpreted in light of Rule 1. When a plaintiff chooses a forum for purposes of fostering speedy and inexpensive litigation, this factor's weight should not be diminished in the overall balance.

---

free from susceptibility to potential local bias." Lumbermen's Mut. Cas. Co. V. Elbert, 348 U.S. 48, 54 (1954) (Frankfurter, J. concurring). In their Motion, Defendants seek to force Plaintiff out of a neutral forum and into the Eastern District of Tennessee, where Defendants admit to having a substantial presence. This is not a harmless reorientation. Rather, Plaintiff would be denied the benefits of neutral forum and instead be forced to litigate in a forum almost exclusively in Defendants' interest.

[2] Federal Judicial Caseload Statistics 2014, United States Courts, http://www.uscourts.gov/Viewer.aspx?doc=/uscourts/Statistics/FederalJudicialCaseloadStatistics/2014/tables/C05Mar14.pdf (last visited April 15, 2015).

### C. Weight of the Factors

In balancing the factors pertinent to a Section 1404(a) analysis, the Court **FINDS** that Defendants have not met their strong burden. This Court has found that the action could have been brought in the Eastern District of Tennessee, and although Defendants' alleged sources of proof are located in that district, modern technology has abrogated the weight of the "center of accused activity" doctrine. Weighing in Plaintiff's favor are its choice of forum, intent to call two non-party Virginia witnesses, the willingness of the remaining non-party witnesses to travel to the Eastern District of Virginia, and the interests of justice in fostering the speedy and inexpensive resolution of civil litigation. The remaining factors are either neutral or of lesser importance in the present analysis, and in consideration of Defendants' strong burden, the Court in its discretion **FINDS** that transfer to the Eastern District of Tennessee is not warranted.

### IV. CONCLUSION

For the reasons set forth herein, the Court **DENIES** Defendants' Motion.

The Clerk is **REQUESTED** to mail a copy of this Order to all counsel of record.

It is so **ORDERED**.

> /s/
> Henry Coke Morgan, Jr.
> Senior United States District Judge
> HENRY COKE MORGAN, JR.
> SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, VA
April 16, 2015