

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

COBALT BOATS, LLC,

        Plaintiff,

   v.                                       Civil Action No. 2:15cv21

SEA RAY BOATS, INC. &
BRUNSWICK CORP.,

        Defendants.

**OPINION & ORDER**

    This matter is before the Court pursuant to Defendants Sea Ray Boats, Inc. ("Sea Ray") and Brunswick Corporation's ("Brunswick"), (collectively, "Defendants"), Motion to Stay Pending Inter Partes Review of U.S. Pat. No. 8,375,880 ("Motion"). Doc. 34. For the reasons set forth herein, the Court **DEFERS** ruling on Defendants' Motion until the United States Patent and Trade Office ("USPTO") determines whether to institute inter partes review ("IPR") proceedings.

**I. BACKGROUND**

A. Factual Allegations

    This patent infringement action arises out of the alleged infringement of U.S. Patent No. 8,375,880 ("'880 Patent"), owned by Plaintiff Cobalt Boats, LLC ("Plaintiff" of "Cobalt"), by Defendants. Am. Compl. at 1, 4. Sea Ray is a wholly owned subsidiary of Brunswick. Answer at 4–5. The '880 Patent was issued to Cobalt on February 19, 2013 for a "Retractable Step for Boat Swim Platform" ("Swim Step"), which is described as follows:

> A retractable step for use with a boat in water comprising at least one moveable arm pivotally coupled with the boat, a step coupled with the arm such that the step

> is moveable between a stored position above the water surface and a deployed position below the water surface, and a lock configured to hold the moveable arm in a stationary position when the step is in its deployed position, but is releasable to accommodate movement of the step to its stored position.

Am. Compl., Ex. A at 1. Beginning in 2014, Plaintiff alleges that Defendants, two of its industry competitors, "began promoting and selling boats that include a Swim Step feature described as a 'submersible swim step'," which infringes upon the '880 Patent. Id. at 5.

Plaintiff contends that the Sea Ray boats with the infringing Swim Step include, but are not limited to, the Sea Ray 220 Sundeck, Sea Ray 240 Sundeck, Sea Ray 270 Sundeck, and Sea Ray 290 Sundeck. Id. at 6. Specifically, Plaintiff argues that Defendants' version of the Swim Step infringes on at least claims 1, 3, 5, and 6 of the '880 Patent. Id. at 7. On October 1, 2014, Cobalt notified Sea Ray of the alleged infringement, and to date, Sea Ray continues to manufacture, use, and sell its version of the Swim Step. Id. at 6. Defendants deny having had knowledge of the '880 Patent prior to October 1, 2014, and further deny that their products infringe upon the '880 Patient. Answer at 9–10.

## A. Procedural History

Plaintiff filed the original Complaint on January 23, 2015, Doc. 1, and the Amended Complaint on February 23, 2015, Doc. 9. On April 16, 2015, Defendants' filed the pending IPR petition. Doc. 35 at 1. April 16, 2015 is also the date on which this Court entered an Order denying Defendants' Motion to Transfer Venue to the Eastern District of Tennessee. See Doc. 33 at 8. Plaintiff has three months to respond to Defendants' IPR petition, and a determination as to whether IPR will be instituted must be made by the USPTO within three months of that preliminary response. See 35 U.S.C. §§ 313, 314; 37 C.F.R. § 42.107(a). At the latest, therefore, the decision as to whether IPR will be instituted is expected by October 24, 2015, based upon an effective filing date of April 24, 2015. See Doc. 37 at 8, n.1. The Markman

hearing in this matter is set for October 29, 2015, and trial is set for February 16, 2016. Doc. 32. In their memorandum, Defendants' request a six month stay until such a time as the USPTO determines whether to institute IPR. Doc. 35 at 15.

### III. LEGAL STANDARDS

On September 16, 2012, the USPTO revised its "rules of practice to implement the provisions of the Leahy-Smith America Invents Act ("AIA")," which created new IPR proceedings before the Patent Trial and Appeal Board ("PTAB"). 77 F. Reg. 48680-01 (Aug. 14, 2012). The purpose of the AIA was "to establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs." Id. Formerly, IPR proceedings were conducted by USPTO examiners, but post-AIA they are conducted by the PTAB, which consists of a three-member panel of administrative patent judges. 35 U.S.C. § 6. In determining whether to institute IPR proceedings, the reviewing body must determine that the petition "shows that there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. § 314. If the IPR proceedings result in a final written decision by the PTAB, the petitioner is esptopped from asserting in a civil action that the applicable claims are "invalid on any ground petitioner raised or reasonably could have raised during that post-grant review." 35 U.S.C. § 325(e)(2).

Under the AIA, a party may seek a stay of a pending civil action after filing a petition for IPR. AIA § 18(b). The District Court has discretion in deciding whether to stay the action, but must base its decision on the following four factors:

> (A) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial;
>
> (B) whether discovery is complete and whether a trial date has been set;

(C) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and

(D) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court.

Id. § 18(b)(1). Congress also provided that a "party may take an immediate interlocutory appeal from a district court's decision" to grant or deny a stay, and that the "United States Court of Appeals for the Federal Circuit shall review the district court's decision to ensure consistent application of established precedent, and such review may be de novo."[1] Id. § 18(b)(2). The Federal Circuit has made clear, however, that it is "not error for the district court to wait until the PTAB" makes its decision to institute review before ruling on a motion to stay. VirtualAgility Inc. v. Salesforce.com, Inc., 759 F.3d 1307, 1315 (Fed. Cir. 2014).

Accordingly, some district courts have waited to rule on a motion to stay until the PTAB determined whether it would institute IPR review, while others ruled on the motion prior to the institution of review, and some denied, without prejudice, the motion as premature. See id. at 1315-16. The Federal Circuit expressed "no opinion on which is the better practice. While a motion to stay could be granted even before the PTAB rules on a post-grant review petition, no doubt the case for a stay is stronger after post-grant review has been instituted." Id. at 1316. It was also made clear that "a district court is not obligated to 'freeze' its proceedings between the date that the motion to stay is filed and the date that the PTAB decides on the" petition. Id.

### III. ANALYSIS

The present IPR petition was filed with the PTAB on April 16, 2015, the same day on which this Court denied Defendants' Motion to Transfer venue to the Eastern District of

---

[1] The Federal Circuit has acknowledged that Congress' choice of language in this matter is unclear. See VirtualAgility Inc. v. Salesforce.com, Inc., 759 F.3d 1307, 1310 (Fed. Cir. 2014). It has, however, seemingly adopted de novo review in these matters. See Intellectual Ventures II LLC v. JPMorgan Chase & Co., 781 F.3d 1372, 1377 (Fed. Cir. 2015).

Tennessee. See Doc. 33 at 8. Considering the timing of Defendants' Motion, in so far as the April 16, 2015 filing date and Defendants' decision to wait nearly three months from the commencement of this litigation before seeking IPR, it is difficult to accept Defendants' argument that efficiency and costs would be served by staying this action pending a decision by the PTAB. Accordingly, this Court will **DEFER** ruling on the Motion until such a time as the PTAB determines whether to institute IPR. See VirtualAgility Inc., 759 F.3d at 1316 (citing Checkfree Corp. v. Metavante Corp., No. 12cv15, 2014 WL 466023, at *1 (M.D. Fla. Jan. 17, 2014)).

## IV. CONCLUSION

For the reasons set forth herein, the Court **DEFERS** ruling on the Motion until such a time as the PTAB determines whether to institute IPR. If the PTAB makes its determination as to whether to institute IPR less than thirty days prior to the scheduled Markman hearing on October 29, 2015, the Markman hearing **SHALL** be postponed so that it will occur, if appropriate, not sooner than thirty (30) days following the PTAB's determination.

During this intermittent period, all proceedings **SHALL** continue in accordance with the relevant Rule 16(b) Scheduling Order. Doc. 32.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, VA
May 21, 2015