IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
NOV 16 2015
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**COBALT BOATS, LLC,**

        Plaintiff,

v.                                       Civil Action No. 2:15cv21

**SEA RAY BOATS, INC. &**
**BRUNSWICK CORP.,**

        Defendants.

**OPINION & ORDER**

This matter is before the Court pursuant to Defendants Sea Ray Boats, Inc. ("Sea Ray") and Brunswick Corporation's ("Brunswick"), (collectively, "Defendants"), Motion and Renewed Motion to Stay Pending <u>Inter Partes</u> Review of U.S. Pat. No. 8,375,880 ("Motion"). Docs. 34, 50. For the reasons set forth herein, the Court **GRANTS** Defendants' Motion and **STAYS** this matter pending resolution of <u>inter partes</u> review.

### I. BACKGROUND

**A. Factual Allegations**

This patent infringement action arises out of the alleged infringement of U.S. Patent No. 8,375,880 ("'880 Patent"), owned by Plaintiff Cobalt Boats, LLC ("Plaintiff" of "Cobalt"), by Defendants. Am. Compl. at 1, 4. Sea Ray is a wholly owned subsidiary of Brunswick. Answer at 4–5. The '880 Patent was issued to Cobalt on February 19, 2013 for a "Retractable Step for Boat Swim Platform" ("Swim Step"), which is described as follows:

> A retractable step for use with a boat in water comprising at least one moveable arm pivotally coupled with the boat, a step coupled with the arm such that the step is moveable between a stored position above the water surface and a deployed position below the water surface, and a lock configured to hold the moveable arm

in a stationary position when the step is in its deployed position, but is releasable to accommodate movement of the step to its stored position.

Am. Compl., Ex. A at 1. Beginning in 2014, Plaintiff alleges that Defendants, two of its industry competitors, "began promoting and selling boats that include a Swim Step feature described as a 'submersible swim step'," which infringes upon the '880 Patent. Id. at 5.

Plaintiff contends that the Sea Ray boats with the infringing Swim Step include, but are not limited to, the Sea Ray 220 Sundeck, Sea Ray 240 Sundeck, Sea Ray 270 Sundeck, and Sea Ray 290 Sundeck. Id. at 6. Specifically, Plaintiff argues that Defendants' version of the Swim Step infringes on at least claims 1, 3, 5, and 6 of the '880 Patent. Id. at 7. On October 1, 2014, Cobalt notified Sea Ray of the alleged infringement, and to date, Plaintiff alleges that Sea Ray continues to manufacture, use, and sell its version of the Swim Step. Id. at 6. Defendants deny having had knowledge of the '880 Patent prior to October 1, 2014, and they further deny that their products infringe upon the '880 Patient. Answer at 9–10.

**B. Procedural History**

Plaintiff filed its Amended Complaint on February 23, 2015, Doc. 9, and on April 16, 2015, Defendants filed a petition for inter partes review ("IPR") with the U.S. Patent and Trademark Office ("USPTO") challenging every claim of the '880 Patent. Doc. 35 at 1. On April 27, 2015, Defendants moved to say the present action until such a time as the USPTO determined whether to institute IPR proceedings. Docs. 34, 35. The Court deferred ruling on Defendants' Motion to Say on May 21, 2015, indicating that it would not rule on the "Motion until such a time as the PTAB [Patent Trial and Appeal Board] determines whether to institute IPR." Doc. 39 at 5. On October 19, 2015, Defendants renewed their Motion, indicating that on October 16, 2015 the USPTO instituted IPR of the '880 Patent on all claims and determined "that the information presented in the Petition establishes a reasonable likelihood that Petitioner

2

would prevail in establishing the unpatentability of claims 1–6 of the '880 patent." Doc. 50, Ex. 1 at 30.

## II. LEGAL STANDARDS

On September 16, 2012, the USPTO revised its "rules of practice to implement the provisions of the Leahy-Smith America Invents Act ("AIA")," which created new IPR proceedings before the PTAB. 77 F. Reg. 48680-01 (Aug. 14, 2012). The purpose of the AIA was "to establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs." Id. Formerly, USPTO examiners conducted IPR proceedings, but they are now conducted by the PTAB, which consists of a three-member panel of administrative patent judges. 35 U.S.C. § 6. In determining whether to institute IPR proceedings, the reviewing body must determine that the petition "shows that there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. § 314. If the IPR proceedings result in a final written decision by the PTAB, the petitioner is estopped from asserting in a civil action that the applicable claims are "invalid on any ground petitioner raised or reasonably could have raised during that post-grant review." 35 U.S.C. § 325(e)(2).

Under the AIA, a party may seek a stay of a pending civil action after filing a petition for IPR. AIA § 311. The District Court has discretion in deciding whether to stay the action, but it must analyze three significant factors: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." Universal Electronics, Inc. v. Universal Remote Control, Inc., 943 F. Supp. 2d 1028, 1030–31 (C.D. Cal. 2013) (quoting Aten Int'l Co., Ltd v. Emine Tech. Co., Ltd., No.

09–0843, 2010 WL 1462110, at *6 (C.D. Cal. Apr. 12, 2010)); see also Rensselaer Polytechnic Institute v. Apple Inc., No. 1:13cv0633, 2014 WL 201968, at *4 (N.D.N.Y. Jan. 15, 2014). These factors, however, are not exclusive, and the Court must make a determination based on the totality of the circumstances. Id. at 3.

### III. ANALYSIS

#### A. Timing is a Neutral Factor

A district court reviewing a motion to stay pending IPR proceedings should consider whether discovery is complete and whether a trial date has been set. See, e.g., VirtualAgility, 759 F.3d at 1309. In VirtualAgility, the Federal Circuit noted that the fact discovery had not yet begun and no trial date had been set at the time the defendants filed their motion to stay strongly favored staying the action. Id. at 1317. Conversely, in Segin Systems, Inc. v. Stewart Title Guar. Co., this Court held that because the trial date had been set, discovery recently had begun, a Markman hearing had been set, and the scheduled trial would likely occur months before the PTAB would finish its review, the second factor was neutral. 30 F. Supp. 3d 476, 481–82 (E.D. Va. 2014). The Federal Circuit noted in VirtualAgility that district courts generally should consider the stage of the proceedings when the motion was originally filed. See 759 F.3d at 1316 (collecting cases). In VirtualAgility, the court considered the litigation's stage not only when the motion was filed but also at the time PTAB granted review, noting that at the time PTAB granted review, "there remained eight months of fact discovery, the joint claim construction statements had yet to be filed, and jury selection was a year away." Id.

Here, Defendants filed the original Motion to Stay on April 27, 2015. Doc. 34. At that time, a trial date has been set for February 16, 2016, and a Markman Hearing was set for October 29, 2015. Doc. 32. The Markman Hearing was cancelled on October 21, 2015 after the Court

learned that PTAB had instituted IPR review in this case. At the time Defendants filed the original Motion, the parties had not yet substantively responded to any discovery requests. See Doc. 35 at 7. If the Court were to grant a stay, the trial set for three (3) months from now would be substantially delayed. Unlike the timing in VirtualAgility, there remains less than three months of discovery as of the date of the renewed Motion. Just as the Court in Segin had already set a trial date, ordered discovery, and set a Markman hearing, this Court had set a trial date, ordered discovery, and set a Markman hearing before Defendants filed the original Motion. See 30 F. Supp. 3d at 481–82. While the case is not now in its infancy, the litigation had not progressed far as of the date the original Motion was filed. Therefore, the Court **FINDS** that this factor is neutral.

### B. A Stay Will Simplify the Issues to be Tried and Streamline Trial

When determining whether to grant a stay pending IPR review, "the critical question is not whether PTAB review would simplify the issues in question, but whether a stay of this action would do so." Segin, 30 F. Supp. 3d at 481. Therefore, an IPR petition that – even if granted – would leave substantial issues unresolved would do little to simplify the action since the parties ultimately would litigate the unresolved issues in a court. See id. The "simplification factor weighs heavily in favor of the stay" when the petitioner challenges all patent claims brought by the plaintiff. See, VirtualAgility, 759 F.3d at 1314. Additionally, while a district court may examine the IPR petition to determine whether IPR review will address claims and issues involved in the litigation, a court cannot attempt to predict how the PTAB will ultimately rule on the issues. See VirtualAgility, 759 F.3d at 1313.

Here, Defendants argue that "the IPR will reduce, if not completely resolve, the issues for trial." Doc. 50 at 9. Defendants also note that "if any claims survive the IPR, this Court and the

parties will benefit from the USPTO's expertise in evaluating the scope and validity of those claims." Id. at 10. Indeed, were the Court to proceed to trial, a later USPTO decision could ultimately nullify the Court's judgment. Plaintiff argues that staying the case will not simplify the issues for trial since the "IPR proceeding will not address Defendants' infringement of the '880 Patent or the amount of Cobalt's damages resulting from that infringement." Doc. 58 at 15. Defendants argue that proceeding in this case without granting a stay "would effectively circumvent Congress' intent that IPRs be used as a means to avoid unnecessary litigation costs and use of judicial resources." Doc. 50 at 9. Although the Court would have to reschedule the Rule 16(b) conference and trial date, a stay will still reduce the future burden of litigation since IPR has the possibility of disposing with the entire case. Accordingly, the Court **FINDS** that this factor weighs strongly in favor of granting a stay.

## C. A Stay Will Not Unduly Prejudice the Plaintiffs, and It Does Not Present a Clear Tactical Advantage for the Moving Party

### i. Undue Prejudice

Courts often find a stay will unduly prejudice the plaintiffs when the parties sell similar products to similar customers or in similar markets. See Segin, 30 F. Supp. 3d at 483. In VirtualAgility, the Federal Circuit noted that the parties were "in the same business space," but it ultimately decided that the district court erred in finding that the undue prejudice factor weighed heavily against a stay. 759 F.3d at 1318. When examining the undue prejudice factor, the Court should focus on the patentee's need for an expeditious resolution of its claim. Id. Therefore, if a stay will not diminish monetary damages available to plaintiffs, stays of such claims rarely prejudice plaintiffs. See, e.g., id. Delays based on statutory frameworks, such as those pursuant to IPR proceedings, do not normally cause undue prejudice. Universal, 943 F. Supp. 2d at 1033–34. Accordingly, as a stay will not diminish the monetary damages available to Plaintiff in this

6

matter and IPR will proceed on a statutory schedule, the Court **FINDS** that this factor does not weigh heavily against granting a stay.

*ii. The Defendants' Motion Does Not Represent a Tactical Scheme as IPR has been Instituted*

The AIA seeks to limit the abuse of IPR review as a tool for tactical delay. See, e.g., Universal, 943 F. Supp. 2d at 1030 (citing 35 U.S.C. § 315(b)). The defendant must petition for IPR review within one year after being served with the complaint. Id. In its previous Order deferring ruling on Defendants' Motion, this Court noted that because Defendants filed a Motion to Stay pending IPR the same day this Court denied its Motion to Transfer Venue, it appeared as though the stay represented a delaying tactic by Defendants. 2015 WL 2454296, at *3. However, this factor is mitigated strongly by the PTAB's decision to institute IPR on all claims of the '880 patent, indicating that the PTAB determined Defendants' petition was more likely than not meritorious. As the Court is not permitted to predict how the PTAB will rule, by deferring ruling on Defendants' Motion until such a time as the PTAB determined whether to institute IPR the Court removed the uncertainty associated with interpreting Defendants' motives. Even if Defendants filed their petition as a tool for tactical delay, the Court **FINDS** this factor is neutralized by the PTAB's institution of IPR on the merits of Defendants' claims.

**D. The Totality of the Circumstances Weigh in Favor of Granting a Stay**

Defendants' petitioned for IPR approximately two (2) months after being served with the Complaint and while this matter was still in the early stages of litigation. Doc. 34. Although the Court deferred ruling on Defendants' Motion to ensure that their petition was not intended as a means of tactical delay, the fact that the PTAB has found Defendants' petition meritorious on all claims weighs strongly in favor of stay. Further, because IPR has the potential to reduce or completely resolve the issues for trial, IPR would serve to conserve judicial resources and reduce

litigation costs in accordance with the purpose for which it was established. A stay will not diminish the monetary damages available to Plaintiff in this matter, and IPR will proceed on a statutory schedule so as to avoid perpetual litigation or delayed resolution of the claims. Accordingly, the Court **FINDS** that the factors weigh in favor of granting a stay and that such a stay is appropriate under the totality of the circumstances.

## IV. CONCLUSION

For the reasons set forth herein, the Court **GRANTS** Defendants' Motion, Docs. 34, 50, and **STAYS** this action pending resolution of the IPR petition.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
November 16, 2015