

FILED

JUN - 7 2017

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

COBALT BOATS, LLC,

        **Plaintiff,**

    v.                                   **Civil Action No. 2:15cv21**

SEA RAY BOATS, INC. &
BRUNSWICK CORP.,

        **Defendants.**

## OPINION & ORDER

This matter is before the Court on Defendants Sea Ray Boats, Inc.'s ("Sea Ray's") and Brunswick Corporation's ("Brunswick's"), (collectively, "Defendants'") Motion to Transfer Venue in View of <u>TC Heartland</u> ("Motion"). Doc. 280. As set forth herein, the Court **FINDS** that Defendants waived venue and **DENIES** the Motion.

## I.    BACKGROUND

**A.    Procedural History**

Plaintiff filed its Complaint on January 23, 2015. Doc. 1. Plaintiff filed its Amended Complaint on February 23, 2015. Doc. 9. Defendants answered the Amended Complaint on March 12, 2015. Doc. 15. In the Answer, Defendant Brunswick stated that it "does not contest [that] venue is proper within this judicial district, but [it] denies that this district is the most convenient forum for Cobalt's action." <u>Id.</u> at 4. Defendant Sea Ray stated that it "contests that venue is proper within this judicial district." <u>Id.</u>

On March 12, 2015, Defendants filed a joint Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(A) ("Motion to Transfer"). Doc. 17. The Court DENIED the Motion to Transfer on April 16, 2015. Doc. 33.

On April 16, 2015, Defendants filed a petition for <u>inter partes</u> review ("IPR") with the U.S. Patent and Trademark Office ("USPTO") challenging every claim of the '880 Patent. Doc. 35 at 1. On October 16, 2015, the USPTO instituted IPR of the '880 patent. <u>See</u> Doc. 50, Ex. 1 at 30. The Court granted the Defendants' Motion to Stay, Docs. 39, 50, in an Order dated November 16, 2015. Doc. 63.

On October 6, 2016, Plaintiff notified this Court of the final written decision of the Patent Trial and Appeal Board ("PTAB") issued on September 28, 2016. Doc. 72. The PTAB found that claims 1, 3, and 6, of the '880 patent are not patentable. <u>Id.</u>; <u>see</u> <u>also</u> Doc. 72, Ex. 1 at 43. Since the Court stayed this action "pending resolution of the IPR petition," Doc 63 at 8, the written decision of PTAB terminated the stay. Defendants sought another stay pending further appeals of the PTAB decision, Doc. 78, which the Court DENIED, Doc. 161.

On December 14, 2016, the Court conducted a <u>Markman</u> Hearing. Doc. 109. The Court issued its <u>Markman</u> Order on December 21, 2016. Doc. 110. On Motion of the Plaintiff on February 3, 2017, Doc. 124, the Court also corrected the <u>Markman</u> Order, Doc. 162.

Defendants filed a Motion for Summary Judgment on January 25, 2017. Doc. 115. On April 3, 2017, Defendants filed a Motion for Leave to file a second Motion for Summary Judgment ("Motion for Leave"). Doc. 163. The Court DENIED the Motion for Summary Judgment on April 11, 2017. Doc. 169. The Court DENIED the Motion for Leave on May 3, 2017. Doc. 184.

Plaintiff filed a Motion for Summary Judgment on April 28, 2017. Doc. 181. Defendants responded on May 12, 2017. Doc. 206. Plaintiff replied on May 16, 2017. Doc. 211.

The Parties filed Motions in Limine on May 11, 2017. Docs. 185, 187, 189, 191, 193, 202. The Parties responded to each other on May 18, 2017, see Docs. 212–32, and replied in support of their own motions on May 22, 2017, see Docs. 250–69. The Court addressed the Motions in Limine at the Final Pretrial Conference ("FPTC") on May 25, 2017, and issued an Order on these Motions on June 5, 2017. Doc. 285.

At that FPTC, Defendants indicated that they wanted to challenge venue. The Court ORDERED expedited briefing on the issue. Doc. 277. Trial is set for June 12, 2017. Doc. 81.

## II.   LEGAL STANDARD

### A.   Venue

Venue is a waivable personal privilege of defendants. See Leroy v. Great W. United Corp., 443 U.S. 173, 180 (1979). In patent infringement actions, venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b) (2017) ("§ 1400(b)"). Defendants must raise improper venue either in a motion made before responsive pleading or as part of the responsive pleading, or they waive that defense. Fed. R. Civ. P. 12(b), 12(h)(1). In addition, nothing in the statutory venue provisions "shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue." 28 U.S.C. § 1406(b) (2017).

### B.   Intervening Law Exception

The Fourth Circuit recognizes a general exception to waiver "when there has been an intervening change in the law recognizing an issue that was not previously available." Holland v. Big River Minerals Corp., 181 F.3d 597, 605–06 (4th Cir. 1999). Although this is a patent case, Fourth Circuit law applies to procedural issues that are not unique to patent law. See

3

Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1564 (Fed. Cir. 1994). Nevertheless, the Federal Circuit also recognizes this intervening law exception, and it applies under either circuit's precedent. See, e.g., Minton v. Nat'l Ass'n of Sec. Dealers, Inc., 336 F.3d 1373, 1377 (Fed. Cir. 2003) (citations omitted).

## C.   TC Heartland

On May 22, 2017, the Supreme Court held that "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." TC Heartland LLC v. Kraft Foods Grp. Brands LLC, No. 16-341, 2017 WL 2216934, at *3 (U.S. May 22, 2017).   In reaching that holding, the Supreme Court did not directly interpret § 1400(b). Id. at *7.   The Supreme Court noted that its 1957 decision in Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 226 (1957), "definitively and unambiguously held that the word 'reside[nce]' in § 1400(b) has a particular meaning as applied to domestic corporations: It refers only to the State of incorporation." Id. It further observed that neither party sought reconsideration of Fourco and that Congress had not amended § 1400(b) since Fourco. Id. Thus, the only issue it addressed was whether amendments to 28 U.S.C. § 1391 ("§ 1391") changed the meaning of § 1400(b). Id.

Although the Supreme Court had never overruled Fourco, it considered the case's validity because the Federal Circuit held that Fourco was no longer good law. See VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1579 (Fed. Cir. 1990). Specifically, the Federal Circuit found that amendments to § 1391 changed the meaning of § 1400(b) and that Fourco was no longer good law because it relied on a prior version of § 1391. Id. at 1579–83.

The Supreme Court held that Fourco is still good law. TC Heartland, 2017 WL 2216934, at *7. The Supreme Court found that "[t]he current version of § 1391 does not contain any indication that Congress intended to alter the meaning of § 1400(b) as interpreted in Fourco." Id.

4

It further considered Congress's 2011 amendments to § 1391 and found that there was no indication "that Congress in 2011 ratified the Federal Circuit's decision in VE Holding." Id. Thus, the Court applied the holding in Fourco to the case at hand. Id. at *8.

### III. ANALYSIS

#### A. Brunswick Waived Its Venue Challenge

There is no dispute that Defendant Brunswick did not contest venue prior to this Motion, and the only question presented is whether the Supreme Court's decision in TC Heartland qualifies for the intervening law exception to waiver. See Doc. 281 at 7–8; Doc. 282 at 4–7.

Defendants want this Court to find that VE Holding was controlling law prior to the Supreme Court's decision in TC Heartland. Doc. 283 at 2–3. They observe that VE Holding has dictated patent venue for twenty-seven (27) years and that the Supreme Court denied certiorari on that very case as well as many subsequent challenges. Id. at 3. They argue that requiring them to raise challenges contrary to Federal Circuit precedent is an unreasonable standard for the preservation of defenses. Id. at 4. They insist that such a heightened standard for avoiding waiver would be new. Id. at 4–5.

Plaintiff raises two challenges to Defendants' arguments regarding waiver. Doc. 282 at 5–6. First, it observes that Defendants' case law addressing intervening venue law is distinguishable because it involved a direct amendment to the applicable venue statute and a party that preserved the venue defense in its answer. Id. at 5 (addressing Engel v. CBS, Inc., 886 F. Supp. 728, 730 (C.D. Cal 1995)). Second, it argues that the conflict between Fourco and VE Holding was a defense that was available to Defendants just as easily as it was to the plaintiff in TC Heartland, who initially raised the argument before Plaintiff filed this case. Id. at 5–6.

Neither Party cites any case that addresses how to apply the intervening law exception when a circuit court finds that Supreme Court precedent is no longer good law. Defendants reasonably argue that <u>VE Holding</u> challenges were untenable, as the passage of substantial time gave credibility to the Federal Circuit's conclusion that <u>Fourco</u> was no longer good law. <u>See</u> Doc. 283 at 2–4. Despite that rational perspective, they err when they insist that repeated denials of certiorari on <u>VE Holding</u> and similar cases compel their position. <u>See id.</u> at 3–4 (making that argument). "As [the Supreme Court] has often stated, the 'denial of a writ of certiorari imports no expression of opinion upon the merits of the case.'" <u>Teague v. Lane</u>, 489 US. 288, 296 (1989) (quoting <u>United States v. Carver</u>, 260 U.S. 482, 490 (1923)). The twenty-seven (27) year viability of <u>VE Holding</u> is certainly surprising in light of the Supreme Court's view on <u>Fourco</u>, but the circuit courts are only empowered to express the law of their circuit "[i]n the absence of a controlling decision by the Supreme Court. . . ." <u>See Hyatt v. Heckler</u>, 807 F.2d 376, 379 (4th Cir. 1986). The Supreme Court has never overruled <u>Fourco</u>, and the Federal Circuit cannot overrule binding Supreme Court precedent. <u>See Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.</u>, 460 U.S. 533, 535 (1983) ("Needless to say, only this Court may overrule one of its precedents.").

Based on the Supreme Court's holding in <u>TC Heartland</u>, <u>Fourco</u> has continued to be binding law since it was decided in 1957, and thus, it has been available to every defendant since 1957. Accordingly, the Court **FINDS** that <u>TC Heartland</u> does not qualify for the intervening law exception to waiver because it merely affirms the viability of <u>Fourco</u>. Defendant Brunswick's assumption that <u>Fourco</u> was no longer good law was reasonable but wrong, and it cannot be excused from its waiver by saying there was a change in the law.[1]

---

[1] Because the Supreme Court did not change the law, retroactivity is also not at issue, and the Court does not address Defendant's arguments regarding retroactivity.

**B.      Sea Ray Waived Its Venue Challenge**

Defendant Sea Ray argues that it has not waived its right to challenge venue because it raised that defense in its answer. Doc. 281 at 7. Plaintiff responds that Defendant Sea Ray waived its challenge by failing "to interpose timely and sufficient objection to venue." Doc. 282 at 7 (citing 28 U.S.C. § 1406(b) (2017)). It notes that Defendant Sea Ray made no efforts to raise its venue defense during the course of over two years of litigation since the Answer. Id. at 7–8. Defendants essentially concede the issue in reply, stating that "any arguments directed only to Sea Ray should have no bearing on the outcome of this motion because Sea Ray is not the real target of the lawsuit." Doc. 283 at 10. Defendants seek to stay together in the same forum. See id. Thus, the Court **FINDS** that Defendant Sea Ray waived its right to challenge venue by failing to timely and sufficiently object. The Court further **FINDS** that Defendant Sea Ray is not entitled to apply the intervening law exception for the same reasons that Defendant Brunswick is not entitled to apply that exception. Thus, by failing to cite Fourco to challenge venue at the proper time, Defendant Sea Ray also waived that defense.

**C.      Second Provision of the Venue Statute**

Plaintiff offers an alternative argument for venue under the second provision of the patent venue statute, which states that venue is proper "where the defendant has committed acts of infringement and has a regular and established place of business." § 1400(b). Plaintiff raises two grounds to support venue under this provision: (1) that the presence of Defendants' dealers in this district qualifies as a "regular and established place of business"; and (2) that Defendant Brunswick's warehouse in this district, maintained by a different subsidiary than Sea Ray, qualifies as a "regular and established place of business" despite potentially being unrelated to infringement. Doc. 282 at 9–12.

7

Plaintiff's first basis for venue cannot be resolved on the briefs. Under that argument, the Court would need a factual hearing to determine if Defendants' dealers are independent dealers. See Doc. 283 at 8 (where Defendants argue that their dealers in this District are independent). The presence of salespeople in a district, even without a physical office, may suffice for patent venue. See In re Cordis Corp., 769 F.2d 733, 735–37 (Fed. Cir. 1985). The presence of independent dealers in a district does not qualify as a "regular and established place of business." See Holub Indus., Inc. v. Wyche, 290 F.2d 852, 853–56 (4th Cir. 1961). Thus, the independence of Defendants' dealers would affect whether venue is proper.

Plaintiff's second basis for venue also cannot be resolved on the briefs. Under that argument, the Court would need a factual hearing on the relationship between Defendant Brunswick and its related entity that owns and operates a warehouse in this District. The Fourth Circuit has found the level of control relevant in determining whether one corporation has a regular and established place of business where a related entity operates. See Manville Boiler Co. v. Columbia Boiler Co. of Pottstown, 269 F.2d 600, 606 (4th Cir. 1959). The Fifth Circuit has held that a corporation has a regular and established place of business where one of its divisions operates, even if that division is not part of the infringing activity. See Gaddis v. Calgon Corp., 449 F.2d 1318, 1320 (5th Cir. 1971). This Court would need to examine whether the related entity in this case operates independently, operates as a division of Brunswick, or operates at some level of control between those options. In addition, if the Court read § 1400(b) as requiring a regular and established place of business related to the acts of infringement, then it would also need to examine whether the warehouse has any relationship to Defendant's Brunswick's alleged acts of infringement. Thus, multiple factual inquiries would be required to resolve whether venue is proper on this ground.

8

However, the Court need not reach the issue of whether venue is proper under the second provision of § 1400(b) because that issue is not necessary to the Court's decision based on its finding of waiver.   In addition, any postponement to conduct such factual hearings would be contrary to the "just, speedy, and inexpensive determination" that this court must seek, especially when such hearings are not necessary to the resolution of this Motion. Fed. R. Civ. P. 1.  Thus, the Court **DENIES** any postponement of the trial to conduct further proceedings regarding venue and does not rule on Plaintiff's alternative venue argument.

## IV.   CONCLUSION

The Court **FINDS** that Defendants waived venue and **DENIES** the Motion, Doc. 280. Trial will begin on June 12, 2017 as scheduled.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June __7__, 2017